# ROBB FLYNN

v.

# GREAT ATLANTIC MANAGEMENT CO., INC.

Record No. 921539

June 11, 1993

Present: All the Justices

*Charlotte H. Purkey (Sykes, Carnes, Bourdon, Ahern & Shapiro,* on brief), for appellant.

*Todd M. Fiorella (Paul D. Fraim; Heilig, McKenry, Fraim & Lollar,* on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this case we determine whether the trial court correctly held that a serviceman was not entitled to have a default judgment set aside pursuant to the Soldiers' and Sailors' Relief Act of 1940, 50 U.S.C. app. §§ 501-591 (1988) (the Act).

On October 1, 1989, Robb Lee Flynn was on active duty in the United States Navy. He and two other persons, also in the military, rented an apartment from Great Atlantic Agency (lessor) for $535 per month, payable in advance on the first day of each month. In mid-December 1989, Flynn went on leave and left his roommates money for his share of the January 1990 rent. However, the January rent was not paid and, on January 6, the resident manager of the apartment complex posted a delinquency notice on the front door of the apartment.

The rent remained unpaid and the lessor filed an unlawful detainer action, returnable on February 1. Flynn contends that he was unaware this action had been filed. He also maintains that he never saw a copy of the process.

Although Flynn returned from leave about January 20 and was in the Virginia Beach area on February 1, neither he nor the other

defendants appeared on the return date when the general district court entered judgment by default against them for: (1) possession of the premises, (2) the January rent, including 10% late charges, and (3) the lessor's attorney's fees.* Flynn went to sea on February 12 and did not return to the Virginia Beach area until March 16. During this period, the lessor sought and obtained a writ of possession on the judgment. Notice thereof was posted by the sheriff on Flynn's front door on February 14, and the writ was executed on February 26. Because Flynn was not present when the writ was executed, and the other lessees had vacated the premises prior to execution of the writ, Flynn's possessions were placed outside the apartment and were taken by unknown parties.

Flynn subsequently sought relief from the default judgment and writ of possession based on the application of the Act. The trial court denied Flynn's motion for relief and dismissed the case with prejudice. We awarded Flynn an appeal.

The Act suspends enforcement of certain civil liabilities of members of the armed services "in order to enable such persons to devote their entire energy to the defense of the needs of the nation." 50 U.S.C. app. § 510 (1988). Accordingly, before a default judgment may be taken against a member of the armed services, 50 U.S.C. app. § 520(1) (1988) requires the plaintiff to file an affidavit indicating whether the defendant is in the military service. If the affidavit indicates that the defendant is in the military service, the court appoints "an attorney to represent [the] defendant and defend his interest," and the court is authorized to take further action to protect the defendant's interest. *Id.* A judgment entered against one in the military without the filing of such an affidavit can be set aside and the case reopened if: (1) "it appears that such person was prejudiced by reason of his military service in making his defense" to the suit; and (2) "it is made to appear that the defendant has a meritorious defense." 50 U.S.C. § 520(4) (1988).

Finding that Flynn failed to show that he was prejudiced by his military service in making his defense to the unlawful detainer action, the trial court refused to vacate the default judgment entered in the unlawful detainer action based on application of this section of the Act. We agree.

---

* The lease provided for Flynn's payment to the lessor of a 10% late charge if the rent was not paid on the first of each month, and it also provided for payment of the lessor's attorney's fees in any action to recover delinquent rent.

█ Flynn asserts that his military service prejudiced his ability to defend against the unlawful detainer action because he did not receive notice of the action "as he was on leave out of the area at the time it was allegedly served." But Flynn had returned from his leave and was in the Virginia Beach area on February 1, 1990, the return date for the unlawful detainer action. Furthermore, he found the lessor's notice of delinquency posted on the apartment door on his return and negotiated with the lessor regarding resolution of the unpaid rent from the time he returned from leave in mid-January. Any assurances made by the lessor to Flynn that no legal action would be taken were immaterial to the effect Flynn's military service had on his ability to defend against the unlawful detainer action.

█ Flynn also argues that the provisions of § 520(4) should be construed to apply "not only to the date on which the default judgment was entered, but to all periods thereafter during which a defendant could file and pursue an appeal or a motion to rehear." Under this construction, Flynn maintains that his deployment overseas on February 12, 1990, prejudiced his ability to appeal the default judgment and to avoid issuance of the writ of possession. Flynn cites no cases in support of his construction, and we find none. And, indeed, it would be inconsistent to vacate a judgment based on the Act when military service did not prejudice the entry of the judgment in the first place.

█ Flynn also contends that the writ of possession should be set aside and his eviction declared improper because another provision of the Act prohibited such evictions when "the agreed rent does not exceed $150 per month [and the premises are] occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court." 50 U.S.C. app. § 530(1) (1988). However, this statutory provision is plainly inapplicable to Flynn, because he and the other servicemen were the only occupants of the apartment and, further, they paid a monthly rental in excess of $150.

Accordingly, we conclude that the trial court correctly sustained the lessor's motion to strike Flynn's evidence on the issue of whether the default judgment against him should be set aside. Therefore, the judgment of the trial court will be

*Affirmed.*